MICHAEL PLIMACK (SBN 133869)
JESSICA WAI-CHUNG CHAN (SBN 247669)
SAMANTHA J. CHOE (SBN 252002)
JOHN D. FREED (SBN 261518)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: mplimack@cov.com
 jchan@cov.com
 schoe@cov.com
 jfreed@cov.com
Attorneys for Petitioner José Luis Tapia-Fierro

TONY WEST
ELIZABETH STEVENS
SARAH B. FABIAN
U.S. DEPARTMENT OF JUSTICE
Civil Division - Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044-0868
Telephone: 202-532-4824
Facsimile: 202-616-8962
Email: Sarah.B.Fabian@usdoj.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSÉ LUIS TAPIA-FIERRO<br><br>Petitioner,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the United States, and JANET NAPOLITANO, Secretary of United States Department of Homeland Security, ROBIN F. BAKER, Field Office Director, GABRIELA PACHECO, Assistant Field Office Director, JOHNNY WILLIAMS, Assistant Field Office Director<br><br>Respondents. | Case No.: ED-CV11-1190(R)(SS)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |

- i -

# TABLE OF CONTENTS

I. UNCONTROVERTED FACTS ................................................................... 1

II. CONCLUSIONS OF LAW ......................................................................... 2

## I. UNCONTROVERTED FACTS

1. In March 2007, Petitioner José Luis Tapia-Fierro was taken into immigration custody, where he remained until October 2011. (Sept. 26, 2011 Order Granting Motion for Preliminary Injunction, Dkt. No. 25 at 2.)

2. On January 5, 2011, this Court held that Mr. Tapia-Fierro was "erroneously deported" in 2001 and ordered that his 2001 removal proceedings be reopened so that he would have thirty days from any subsequently issued removal order to appeal that order. By operation of law, Mr. Tapia-Fierro's immigration status was restored to the status he held at the time of his 2001 removal proceeding: that of an admitted lawful permanent resident ("LPR"). (*Id.* at 1.)

3. On January 11, 2011, the government nevertheless lodged inadmissibility charges against Mr. Tapia-Fierro under section 212 of the Immigration and Nationality Act ("INA"). On February 16, 2011, the Immigration Judge presiding over Mr. Tapia-Fierro's reopened 2001 removal proceedings (1) dismissed the remaining aggravated felony charge in Mr. Tapia-Fierro's 2001 removal proceeding; (2) determined that Mr. Tapia-Fierro could not be subject to inadmissibility charges under section 212 of the INA because he was an admitted LPR; and (3) permitted the government two weeks to assert deportability charges under section 237 of the INA instead. (*Id.* at 1.)

4. On March 17, 2011, after being informed that the government had elected not to proceed on section 237 charges, the Immigration Judge (1) terminated Mr. Tapia-Fierro's 2001 removal proceedings; and (2) after conducting a bond hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (B.I.A. 1999), ordered his release upon the posting of $1,500 bond, concluding that the government had failed to demonstrate by clear and convincing evidence that he is a danger to the community or flight risk. (*Id.* at 1.)

[PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
Case No. ED-CV-11-1190(R)(SS)

1

1  5. The government subsequently appealed the Immigration Judge's bond order and merits decision to the Board of Immigration Appeals ("BIA"). On June 22, 2011, a panel of the BIA reversed the Immigration Judge's bond order, holding that the Immigration Judge had no authority to change the status of Mr. Tapia-Fierro from that of an "arriving alien" to that of an admitted LPR. (*Id.* at 1-2.)

6. Thereafter, on August 3, 2011, a different panel of the BIA denied the government's appeal of the Immigration Judge's March 17 order on the merits, and affirmed the Immigration Judge's decision to dismiss section 212 charges against Mr. Tapia-Fierro, holding that Mr. Tapia-Fierro is an admitted LPR who is not subject to inadmissibility charges. (*Id.* at 2.)

7. On September 26, 2011, this Court granted Mr. Tapia-Fierro's motion for preliminary injunction and ordered his release from custody, concluding that (1) Mr. Tapia-Fierro's detention of fifty-four months constituted "prolonged detention;" (2) that section 236(c) of the Immigration and Nationality Act, under which the government purported to detain Mr. Tapia-Fierro, did not permit such prolonged detention; (3) that prolonged detention without adequate procedural protections violated the Due Process Clause of the Constitution; and (4) that the government was not likely to succeed in showing that Mr. Tapia-Fierro's continued detention was justified even if it has asserted INA section 237 charges against him. (*Id.* at 2-5.)

## II. CONCLUSIONS OF LAW

8. Rule 56(a) of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

9. Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To demonstrate a genuine issue, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electrical Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

10. The Court has jurisdiction over the matter at hand and the parties involved. Ninth Circuit precedent suggests that the immediate custodian rule does not apply in the immigration habeas context. *See Armentero v. INS*, 340 F.3d 1058 (9th Cir. 2003); *Armentero v. INS*, 340 F.3d 1058 (9th Cir. 2005). Even if *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), does apply in the immigration habeas context, this Court has personal jurisdiction over the immediate custodian named as a respondent, Johnny Williams. Mr. Williams is the Assistant Field Office Director of the El Centro, California, facility in which Mr. Tapia-Fierro was detained and is domiciled in California. Thus, this Court's exercise of personal jurisdiction over Mr. Williams is proper under the traditional tests of personal jurisdiction, domicile and presence, or because of minimum contacts. *See Milliken v. Meyer*, 311 U.S. 457 (1940); *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

11. No material facts remain in dispute in this action. Mr. Tapia-Fierro's prolonged detention is not permitted under either section 236(c) of the INA or the Due Process Clause of the Constitution, regardless of whether the

1    12. government has asserted INA section 237 charges against him. Mr. Tapia-Fierro is entitled to judgment as a matter of law.

SO ORDERED.

DATED: _Jan. 23, 2012___                    _____

HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
Case No. ED-CV-11-1190(R)(SS)

4